UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MIGUEL BOBÉ, | ) | CASE NO. 4:06 CV 1803 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

    Pro se petitioner Miguel Bobé filed a Motion to Correct Sentence in the United States District Court for the Western District of New York on June 14, 2006. District Court Judge John T. Elfvin issued a Memorandum and Order on June 23, 2006 construing Mr. Bobé's motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. The court advised Mr. Bobé that if he consented to the recharacterization the matter would be transferred to the United States District Court for the Northern District of Ohio, the jurisdiction within which his custodian was located. Mr. Bobé filed a notice of consent with the court and District Court Judge Skretny issued a Decision and Order transferring the matter to this court on July 20, 2006. A certified copy of the docket and transfer order were filed in the Northern District of Ohio on

July 27, 2006.

In his petition before this court , Mr. Bobé asserts that he is entitled to credit on his federal sentence for time that he spent in federal detention. For the reasons stated below, this action is dismissed for failing to exhaust administrative remedies.

*Background*

In 1997, Mr. Bobé was arrested on criminal charges in the State of New York. He was subsequently sentenced by the State Supreme Court of New York to an indeterminate sentence of three (3) to six (6) years imprisonment in June, 1998. Before the commencement of his state sentence, however, Mr. Bobé alleges he was transported to the United States District Court for the Western District of New York in August 1998 based on a writ of habeas corpus ad prosequendum. He claims that a detainer was then lodged by the United States Marshal Service in September 1998 regarding criminal charges which were filed against him in the Western District of New York. United States v. Bobé, No. 98CR87E (W.D. NY 1998).

On April 12, 2002, a sentencing hearing was held before Judge Elfvin wherein Mr. Bobe's attorney requested sentence credit from the time he was taken into federal custody until he was presumably surrendered.[1] Petitioner claims that his attorney advised the court that the state of New York was not crediting his state sentence for the period of time he spent awaiting sentencing in federal court. He states that the judge assured him he would receive "one-hundred percent credit for that." (Pet. at 5.) Judge Elfvin then sentenced Mr. Bobé to 72 months in prison and reiterated that petitioner would receive credit for "time served."

---

[1]Although petitioner was sentenced in April 2002, it is not clear why he believes he is entitled to credit from August 10, 1998 through November 1, 2002, seven months after his sentencing..

Once Mr. Bobé was imprisoned, he learned that the Bureau of Prisons (BOP) was not crediting his federal sentence for the period of time he was in custody via the writ of habeas corpus ad prosequendum. He adds that he spoke with a state official named "Miss or Mrs." Beuhler who allegedly advised that his state sentence had yet to commence "because he's never been received at an institution that's under the jurisdiction of the Department of Corrections." (Pet. at 6-7.) He adds that Judge Elvin's Order of April 18, 2002 does not reflect whether he intended petitioner's federal sentence to run concurrently or consecutively to his state sentence.

Mr. Bobé contends that he is entitled to sentencing credit on his federal sentence, pursuant to 18 U.S.C. § 3585, for the period of time he "spent in 'official detention' in federal custody." (Pet. at 7.) Based on his reading of the statute, Mr. Bobé asserts that he has a right to receive credit on his federal sentence for the time he spent in official detention prior to sentencing. He maintains that "incarceration" is synonymous with "official detention."

*28 U.S.C. § 2241*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977). It was upon this basis that the Western District Court of New York transferred this action, as this court has personal jurisdiction over petitioner's custodian.[2]

---

[2] Mr. Bobé was incarcerated in the Northeast Ohio Correctional Center in Youngstown, Ohio at the time he filed his petition.

It is only after a federal prisoner seeking § 2241 relief has sought and exhausted administrative remedies pursuant to 28 C.F.R. § 542.10 that he may seek § 2241 judicial review. United States v. Cobleigh, 75 F.3d 242, 251 (6th Cir.1996); United States v. Oglesby, No. 02-3143, 2002 WL 31770320 at *2 (6th Cir. Dec. 9, 2002) (citing United States v. Wilson, 503 U.S. 329, 335 (1992)). The exhaustion of administrative remedies procedure required of a § 2241 petitioner is not a statutory requirement, but instead, is a wholly judicially created requirement. See Wesley v. Lamanna, No. 01-3426, 2001 WL 1450759, at 3 (6th Cir. Oct. 30, 2001). The purpose of the exhaustion doctrine is to allow the administrative agency in question to exercise its expertise over the subject matter and to permit the agency an opportunity to correct any mistakes that may have occurred during the proceeding, thus avoiding unnecessary or premature judicial intervention into the administrative process. Weinberger v. Salfi, 422 U.S. 749, 765 (1975). Moreover, following the administrative procedures could potentially stave off the need for judicial review, or at a minimum, develop the factual record at the agency level.

There is no suggestion in the petition that Mr. Bobé has exhausted the BOP's administrative remedy procedures, and this failure alone requires dismissal of the instant petition. See Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir.1981); see also Campbell v. Barron, No. 03-5955, 2004 WL 291180 (6th Cir Feb. 12, 2004)(petition properly dismissed where petitioner had not exhausted his administrative remedies before filing his petition); Leslie v. United States, No. 03-5949, 2004 WL 253362, at 2 (6th Cir. Feb. 9, 2004) ("... it is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241.")

Based on the foregoing, the petition is dismissed without prejudice for failure to

4

exhaust administrative remedies. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

   IT IS SO ORDERED.


Dated: October 27, 2006          *s/ James S. Gwin*
                      JAMES S. GWIN
                      UNITED STATES DISTRICT JUDGE